Huanga Nieves v. Blanche

BIA
Reid, IJ
A220 712 980/240 106 935

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:
>           RAYMOND J. LOHIER, JR.,
>                *Chief Judge*,
>           RICHARD C. WESLEY,
>           WILLIAM J. NARDINI,
>                *Circuit Judges*.

———————————————————————————

FERNANDA MARIBEL HUANGA
NIEVES, M.V.C.H.,
>        *Petitioners*,

v.                                                      **24-482**
                                                        **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.*

———————————————————————————

————————————————————

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONERS:     Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Anthony J. Nardi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Fernanda Maribel Huanga Nieves and her minor son, natives and citizens of Ecuador, seek review of a January 30, 2024 decision of the BIA affirming a March 28, 2023 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huanga Nieves,* Nos. A220 712 980/240 106 935 (B.I.A. Jan 30, 2024), *aff'g* Nos. A220 712 980/240 106 935 (Immig. Ct. N.Y. City Mar. 28, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and address only the grounds the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d

520, 522 (2d Cir. 2005). We review the agency's nexus determination for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 543–49 (2026).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15 (quotation marks omitted); *see Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) ("[W]here there is more than one motive for mistreatment . . . an applicant's status as a member of a particular social group still must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted."). While an "applicant need not show

3

with absolute certainty why the events occurred," *Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir. 2007), she "must provide *some* evidence of [the persecutor's motives], direct or circumstantial," *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Substantial evidence supports the IJ's determination that Huanga Nieves did not establish that a protected ground was a central reason for her uncle's conduct—*i.e.*, his sexual abuse of her when she was a child and his demand that she sell drugs for him as an adult.

To begin with, Huanga Nieves does not argue that the sexual abuse during her childhood constitutes past persecution. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). In her briefs in support of her petition for review, Huanga Nieves does not mention the rapes or tie them to a protected ground; instead, she discusses only her uncle's release from prison, his gang membership, and that he demanded she sell drugs and threatened her in 2021. She has therefore abandoned any challenge to the IJ's finding that she did not show a nexus between the sexual abuse and a protected ground. *Id.*

As to the encounter with her uncle in 2021 when he threatened to harm or

4

kill her and her son, Huanga Nieves testified that he asked her to sell drugs for his gang and that the threats were a response to her refusal to sell drugs. She stated he claimed that she could sell drugs safely because of her affiliation with him. A reasonable adjudicator could conclude from this testimony that her uncle's central aim was to use her to traffic drugs, and that any threats or future harm would be coercion in service of that goal, rather than punishment on account of a protected ground. *See Quituizaca*, 52 F.4th at 114–15; *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199 (2d Cir. 2021) (explaining that fear of "retribution over purely personal matters" is not a sufficient basis for asylum or withholding of removal (quotation marks omitted)). Moreover, refusal to engage in criminal activity at the behest of a gang member or other criminal, "without more does not constitute a political opinion." *Zelaya-Moreno*, 989 F.3d at 200 (quotation marks omitted) (discussing refusal to join a gang).

As the agency's nexus determination is dispositive of asylum and withholding of removal, we need not reach the cognizability of Huanga Nieves' asserted social groups. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Huanga Nieves has

5

abandoned her CAT claim because her brief does not address it or the BIA's waiver finding.  *See Debique*, 58 F.4th at 684; *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that when the BIA concludes an issue was waived, "review is limited to whether the BIA erred in deeming the argument waived").  We have considered all remaining arguments and find them to be without merit.

Therefore, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

6